IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL MARTIN, | ) | CASE NO.  4:23-CV-00388-DAR |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| vs. | ) | UNITED STATES MAGISTRATE |
| | ) | JUDGE |
| WARDEN DAVID W. GRAY, | ) | |
| | ) | MAGISTRATE JUDGE |
| Defendant. | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the

Petition of Terrell Martin ("Martin" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254. Martin is in the custody of the Ohio Department of Rehabilitation and Correction pursuant

to journal entry of sentence in the case *State v. Martin*, Mahoning County Court of Common Pleas Case

No. 17 CR 248.  For the following reasons, the undersigned recommends that the Petition be DENIED.

## I.    Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state

court, factual determinations made by state courts are presumed correct unless rebutted by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir.

2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized

the facts underlying Martin's conviction as follows:

1

{¶1} Appellant, Terrell Martin, appeals from the judgment of the Mahoning County Court of Common Pleas sentencing him to 18 years to life in prison for murder, aggravated burglary, and tampering with evidence following a no contest plea. On appeal, Appellant asserts he was denied his constitutional rights to a speedy trial and to the effective assistance of trial counsel.

*State v. Martin*, 2021-Ohio-3163, 2021 WL 4171696, at *1 (Ohio Ct. App. Sept. 10, 2021).

## II.    Procedural History

**A.    Trial Court Proceedings**

On March 9, 2017, the Mahoning County Grand Jury indicted Martin on one count of aggravated murder (Count One), one count of aggravated burglary (Count Two), one count of kidnapping (Count Three), one count of having weapons while under disability (Count Four), and one count of tampering with evidence (Count Five).  (Doc. No. 9-1, Ex. 1.) The first three counts included firearm specifications. (Doc. No. 9-1, Ex. 1, at PageID# 69.)  Martin, through counsel, entered a plea of not guilty on all counts. (Doc. No. 9-1, Ex. 2.)

In February 2018, at Martin's request, the State filed a Bill of Particulars.  (Doc. No. 9-1, Ex. 3.)

At a final pretrial hearing on December 3, 2019, Martin's counsel informed the trial court that he planned to file a motion to dismiss for a speedy trial violation.  (Doc. No. 9-1, Ex. 4.)  Martin's counsel filed the Motion to Dismiss for a Speedy Trial Violation on December 10, 2019.  (*Id.*)  The State informed the trial court it would need "some time" to respond to the motion, as there were numerous tolling events in the docket which needed to be considered.  (*Id.*)  The parties agreed to continue the trial to February 3, 2019, to allow the motion to be properly addressed before trial.  (*Id.*)  The trial court gave the State 30 days to respond to the motion and noted that time was tolled.  (*Id.*)

On January 10, 2020, the State filed a response to Martin's motion to dismiss describing multiple tolling events that tolled the statutory speedy trial time. (Doc. No. 9-1, Ex. 6.)

On January 23, 2020, Martin filed his reply in support of his motion to dismiss.  (Doc. No. 9-1, Ex. 7.)

At a pretrial hearing on January 29, 2020, Martin, through counsel, made an oral motion to continue the February 3, 2020 jury trial.  (Doc. No. 9-1, Ex. 8.)  The parties agreed to continue the jury trial to March 9, 2020.  (*Id.*)  At the hearing, the trial court overruled Martin's Motion to Dismiss for a Speedy Trial Violation.  (*Id.*)

On March 6, 2020, pursuant to plea negotiations, the State amended Count One to murder.  (Doc. No. 9-1, Ex. 9.)  That same day, Martin, through counsel, withdrew his original plea of not guilty and entered a plea of no contest to murder, aggravated burglary, and tampering with evidence.  (Doc. No. 9-1, Ex. 10.)  As part of the plea agreement, the State dismissed the kidnapping and having weapons while under disability charges.  (*Id.*)  The State agreed to recommend the following: "Agreed 18-Life, Agree to proffer that it is not his testimony that Lyric Moore had nothing to do w/this."  (*Id.* at PageID# 115.)  At a plea hearing that same day, the trial court accepted Martin's no contest plea.  (*Id.* at PageID# 119.)  The trial court sentenced Martin to serve an aggregated sentence of eighteen years to life in prison.  (Doc. No. 9-1, Ex. 11.)

On August 13, 2020, the trial court amended the judgment entry of sentence to set aside the computation of good time credit.  (Doc. No. 9-1, Ex. 12.)

## B.    Direct Appeal

On March 23, 2020, Martin, through counsel, filed a timely notice of appeal to the Seventh District Court of Appeals.   (Doc. No. 9-1, Ex. 13.)  In his appellate brief, Martin raised the following assignments of error:

I.    Terrell Martin was denied his constitutional rights to due process and a speedy trial. (R.87)

Issues Presented for Review

3

    A. Whether the trial court abused its discretion in denying Defendant-Appellant Martin's Motion to Dismiss for Speedy Trial violation when he was held in jail in lieu of bail for more than 270 days.

    B. Whether the court's interpretation of R.C. 2945.71(E) denies a defendant due process of law and renders the statute unconstitutional as applied.

II.    Terrell Martin was denied his constitutional right to the effective assistance of counsel.

<u>Issues Presented for Review</u>

    A. Whether trial counsel was ineffective for failing to respond to the State's request for discovery.

    B. Whether trial counsel was ineffective for failing to object to the trial court's failure to record all proceedings in the instant case.

(Doc. No. 9-1, Ex. 14.)  The State filed a brief in response.  (Doc. No. 9-1, Ex. 15.)

On December 4, 2020, Martin, *pro se,* filed a "Motion to Amend the Brief, Attach Adopt Appellants [sic] Issues, as a Right of Due Process, Equal Protection Not Raised, Addressed by Counsel on Appeal." (Doc. No. 9-1, Ex. 18.)

On December 17, 2020, Martin, through counsel, filed a Motion for Leave to Amend Merit Brief. (Doc. No. 9-1, Ex. 19.)  Counsel stated she had "discovered the draft of Defendant-Appellant's Merit Brief was inadvertently filed"; namely, the issues presented for review in the First Assignment of Error were presented out of order.  (*Id.*)  In his amended appellate brief, Martin raised the following assignments of error:

I.    Terrell Martin was denied his constitutional rights to due process and a speedy trial. (R.87)

<u>Issues Presented for Review</u>

    A. Whether the court's interpretation of R.C. 2945.71(E) denies a defendant due process of law and renders the statute unconstitutional as applied.

    B. Whether the trial court abused its discretion in denying Defendant-Appellant Martin's Motion to Dismiss for Speedy Trial violation when he was held in jail in lieu of bail for more than 270 days.

4

III.   Terrell Martin was denied his constitutional right to the effective assistance of counsel.

Issues Presented for Review

A.  Whether trial counsel was ineffective for failing to respond to the State's request for discovery.

B.  Whether trial counsel was ineffective for failing to object to the trial court's failure to record all proceedings in the instant case.

(Doc. No. 9-1, Ex. 20.)

That same day, Martin, through counsel, filed a reply brief (Doc. No. 9-1, Ex. 16) and a motion for leave to file appendix to the reply brief. (Doc. No. 9-1, Ex. 17.)

On January 26, 2021, the state appellate court granted Martin's motions, through counsel, to file an amended brief and to attach appendices to the merit brief and reply brief.  (Doc. No. 9-1, Ex. 22.)  The state appellate court struck Martin's *pro se* appendix and amended reply brief from the record, as Martin was represented by counsel and had no right to hybrid representation.  (*Id.*)  The state appellate court denied Martin's motion to remove counsel, as Martin failed to demonstrate a basis for appointment of new counsel.  (*Id.*)

On September 9, 2021, the state appellate court affirmed Martin's convictions.  (Doc. No. 9-1, Ex. 23.)  *See also State v. Martin*, 2021-Ohio-3163, 2021 WL 4171696, at *1.

On November 19, 2021, Martin, *pro se*, filed a motion for leave to file a delayed appeal and a notice of appeal to the Supreme Court of Ohio.  (Doc. No. 9-1, Ex. 24-25.)  On January 18, 2022, the Supreme Court of Ohio granted Martin's motion for leave to file a delayed appeal.  (Doc. No. 9-1, Ex. 26.)  In his Memorandum in Support of Jurisdiction, Martin raised the following Propositions of Law:

I.   TERRELL MARTIN WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A SPEEDY TRIAL.

II.   TERRELL MARTIN WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

5

(Doc. No. 9-1, Ex. 27.)  The State filed a waiver of response.  (Doc. No. 9-1, Ex. 28.)

On March 29, 2022, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 9-1, Ex. 29.)

**C.     Application to Reopen Appeal under Ohio App. R. 26(B)**

On November 24, 2021, Martin filed a *pro se* Application to Reopen Appeal Pursuant to Ohio App. R. 26(B).  (Doc. No. 9-1, Ex. 30.)  In his Application, Martin argued that appellate counsel was ineffective for failing to raise the following arguments on direct appeal:

> I.      Appellant was denied his right to a fair and speedy trial as protected by the Sixth Amendment of the United States Constitution, and Fourteenth Amendment of the United States Constitution, and First Amendment to redress and adjudicate the wrongs against him.
>
> II.     Appellant received ineffective assistance of trial counsel and appellant [sic] counsel in violation of his Sixth Amendment, and Fourteenth Amendment, and Article One Section 16 of the Ohio Constitution.

(*Id.*)  The State filed a brief in opposition.  (Doc. No. 9-1, Ex. 31.)  Martin filed a motion for leave to reply to the State's response and a request for an evidentiary hearing.  (Doc. No. 9-1, Ex. 32.)

On February 1, 2022, the state court of appeals denied Martin's 26(B) Application.  (Doc. No. 9-1, Ex. 33.) The state court of appeals held that App. R. 26(B) is based on ineffective assistance of appellate counsel, and therefore the claim of ineffective assistance of trial counsel is inapplicable.  (*Id.* at PageID# 377.)  Furthermore, the state appellate court had found on direct appeal that Martin failed to demonstrate ineffective assistance of trial counsel.  (*Id.*)  Regarding Martin's ineffective assistance of appellate counsel claim, the state appellate court held that appellate counsel had raised, and the state appellate court had "fully considered in great detail," the issue of Martin's right to a speedy trial.  (*Id.*)  The state appellate court found on direct appeal that Martin's speedy trial rights were not violated, and therefore the state appellate court found no ineffective assistance of appellate counsel to warrant reopening.  (*Id.*) The state appellate court determined that Martin failed to comply with the requirements of App. R. 26(B)

6

and failed to establish a colorable claim of ineffective assistance of appellate counsel, and therefore denied

his 26(B) Application.  (*Id.*)

On March 17, 2022, Martin, *pro se*, appealed the denial of his 26(B) Application to the Supreme

Court of Ohio. (Doc. No. 9-1, Ex. 34.)  In his memorandum in support of jurisdiction, Martin raised the

following propositions of law:

> I.      The United States Constitution guarantee [sic] all citizens an adequate and fair
>         speedy trial right as protected by the 6 Amendment, when the Judge and State of
>         Ohio fail to provide Due process; and follow the Sixth Amendment, does this
>         violate the right to be tried in a fair process?
>
> II.     When the trial judge ignores the statutory language to deny the constitutional and
>         statutory right to a speedy trial; did the trial court and appeals court abuse their
>         discretion on the issue of a speedy trial violation?
>
> III.    Did the appellant establish the facts required to reopen his direct appeal, by
>         proving that his appellate counsel was ineffective?

(Doc. No. 9-1, Ex. 35.)

On March 21, 2022, Martin filed an amended notice of appeal, as well as an amended

Memorandum in Support of Jurisdiction.  (Doc. No. 9-1, Ex. 36-37.)  In the amended Memorandum in

Support of Jurisdiction, Martin raised the following propositions of law:

> I.      The United States Constitution guarantee [sic] all citizens an adequate and fair
>         speedy trial right as protected by the 6 Amendment, when the Judge and State of
>         Ohio fail to provide Due process; and follow the Sixth Amendment, does this
>         violate the right to be tried in a fair process?
>
> II.     When the trial judge ignores the statutory language to deny the constitutional and
>         statutory right to a speedy trial; did the trial court and appeals court abuse their
>         discretion on the issue of a speedy trial violation?
>
> III.    Did the appellant establish the facts required to reopen his direct appeal by
>         proving that his appellate counsel was ineffective?

(Doc. No. 9-1, Ex. 37.)  The State filed a waiver of response.  (Doc. No. 9-1, Ex. 38.)

On May 10, 2022, the Supreme Court of Ohio declined to accept jurisdiction of the appeal

pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 9-1, Ex. 39.)

**D.      Federal Habeas Petition**

On February 14, 2023,[1] Martin filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**:  The Petitioner was denied his right to a Speedy Trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> > **Supporting Facts**:
> >
> > 1. THE COURT'S INTERPRATATION OF R.C. 2945.71(E) DENIED THE PETITIONER DUE PROCESS OF LAW AND RENDERS THE STATUE UNCONSTITIONAL AS APPLIED.
> >
> > 2. THE TRIAL COURT VIOLATED THE PETITIONER SIXTH AMENDMENT WHEN DENYING HIS MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION WHEN HE WAS HELD IN JAIL IN LIEU OF BAIL FOR MORE THEN 270 DAYS.
>
> **GROUND TWO**:  Ineffective Assistance of Counsel, denied the petitioner his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, because failure to object to the trial court's failure to record all proceedings in the instant case.
>
> > **Supporting Facts**:
> >
> > 1. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RESPOND TO THE STATE'S REQUEST FOR DISCOVERY.
> >
> > 2. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE TRIAL COURT'S FAILURE TO RECORD ALL PROCEEDINGS IN THE INSTANT CASE.

(Doc. No. 1.)

On September 18, 2023, Warden David Gray ("Respondent") filed the Return of Writ. (Doc. No. 9.)

---

[1]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until February 27, 2023, Martin states that he placed it in the prison mailing system on February 14, 2023.  (Doc. No. 1 at 13.)  Thus, the Court will consider the Petition as filed on February 14, 2023.

On October 13, 2023, Martin filed a motion to compel, alleging that Respondent's Return or Writ did not provide a complete copy of the state court record. (Doc. No. 11.)  On October 17, 2023, Respondent filed a response in opposition to the motion to compel. (Doc. No. 12.)  On October 26, 2023, the Court denied the Motion to Compel without prejudice.  (Doc. No. 13.)  The Court ordered Respondent to review the state court record and by November 10, 2023, either supplement the record with any arguably relevant documents or file a notice that the review was completed and no additional relevant documents were found.  (*Id.*)

On November 7, 2023, Respondent notified the Court that the review had been completed and Respondent found no additional documents relevant to the Petition. (Doc. No. 14.) Nonetheless, Respondent supplemented the record with two additional trial court documents out of an abundance of caution.  (*Id.*) (*See also* Doc. Nos. 14-1, 14-2.)

On November 27, 2023, Martin filed a renewed motion to compel, requesting Respondent furnish additional documents from the state court record. (Doc. No. 15.) On December 4, 2023, Respondent filed an opposition to the renewed motion to compel. (Doc. No. 16.) On December 21, 2023, the Court denied Martin's renewed motion to compel and ordered Martin to file his Traverse within 60 days from the date of the order.  (Doc. No. 18.)

On February 20, 2024, Martin filed his Traverse.  (Doc. No. 20.)

That same day, Martin filed a Motion for Leave to Supplement the Record. (Doc. No. 19.) Martin asked that the Court supplement the record with a pretrial motion from his state court case dated November 30, 2018. (*Id.*)  Petitioner attached the document to his Motion for Leave.  (Doc. No. 19-1.) Respondent did not file an opposition to Petitioner's Motion to Supplement or request additional time to do so.  On April 2, 2024, the Court granted Martin's Motion for Leave to Supplement.  (Doc. No. 21.)

### III. Review on the Merits

**A.     Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings (as opposed to the dicta) of the United States Supreme Court. *See Parker v. Matthews*, 567 U.S. 37, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012); *Renico v Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Shimel v. Warren,* 838 F.3d 685, 695 (6th Cir. 2016); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). Indeed, the Supreme Court has indicated that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court." *Parker*, 567 U.S. at 48-49; *Howes v. Walker*, 567 U.S. 901, 132 S.Ct. 2741, 183 L.Ed.2d 612 (2012). *See also Lopez v. Smith*, —— U.S. ——, 135 S.Ct. 1, 4, 190 L.Ed.2d 1 (2014) (per curiam) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'" (quoting *Marshall v. Rodgers*, 569 U.S. 58, 133 S.Ct. 1446, 1450, 185 L.Ed.2d 540 (2013)).

10

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.  *See also Shimel*, 838 F.3d at 695.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor,* 529 U.S. at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 F. App'x 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA.  *Id.* at 786 (internal quotation marks omitted).  The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 785.  The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted).  Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

11

possibility for fairminded disagreement." *Id.* at 786–87.  This is a very high standard, which the Supreme Court readily acknowledged.  *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

### 1.    Ground One

In Ground One, Martin argues he was denied his right to a speedy trial and due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as follows: (1) the court's interpretation of O.R.C. § 2945.71(E) denies a defendant due process of law and renders the statute unconstitutional as applied and (2) the trial court violated Martin's Sixth Amendment rights when denying his Motion to Dismiss for Speedy Trial Violation when he was held in jail in lieu of bail for more than 270 days.  (Doc. No. 1 at 4.)

Regarding Martin's speedy trial claim, Respondent argues that under *Brown v. Bobby*, 656 F.3d 325 (6th Cir. 2011), the state appellate court's speedy trial determination "cannot be 'contrary to' United States Supreme Court precedent."  (Doc. No. 9 at 21-22.)  In addition, the computation of time determined by the state court of appeals "is not seriously undermined by Martin's petition[,] which sets forth a counternarrative of details without demonstrating the clear and convincing evidence necessary to rebut the presumption of correctness of the Ohio court's description of events."  (*Id.* at 23.)  Balancing the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), "in light of the seriousness of the charges, the multitude of motions and objections and requests and delays from the defense during the run-up to trial that ended only by Martin's no contest plea, and especially the absence of any indication of prejudice," the state appellate court's decision is not an unreasonable application of federal law.  (*Id.* at 24-25.)

As to Martin's claim regarding the constitutionality of O.R.C. § 2945.71(E), Respondent argues that this claim is both meritless and non-cognizable.  (*Id.* at 25.)  First, "[t]he Sixth Circuit has recognized that Ohio's speedy trial statue [sic] is coextensive with the Sixth Amendment."  (*Id.*) (citing *Chappell v.*

*Morgan*, Case No. 4:15cv882, 2016 U.S. Dist. LEXIS 184147, at *35 n.10 (N.D. Ohio Nov. 30, 2016). Second, Martin procedurally defaulted this claim by failing to raise it in the trial court, which is an "adequate and independent basis for procedural default, and Martin cannot demonstrate actual prejudice to avoid the default." (*Id.*) Third, even if there was an error of state law, such error would not be cognizable on habeas review. (*Id.*) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)).

In his Traverse, Martin argues this Court "owes no deference" to the state appellate court decision, as the state appellate court "misapprehended, ignored and/or misconstrued" Martin's "entire argument" on appeal and the state appellate court did not adjudicate this claim on the merits. (Doc. No. 20 at 29.) As to his claim regarding the constitutionality of O.R.C. § 2945.71(E), Martin argues:

> The petitioner did not waive his right to argue the constitutionality of R.C. 2945. 71(E) and preserved the error for further review when he filed two motion to dismiss based upon the speedy trial violation and in his first motion filed on November 30, 2018, petitioner brought to the attention of the trial court that R.C.2945.71 is being unconstitutionally applied. (Doc. No. 9-1 PAGEID 431; Doc. No 9-1 PAGEID: No. 83) The Petitioner was denied the state court record to support this argument (Doc. No. 13 PAGEID 535; Doc. No.18 PAGEID 596) but Martin was recently able to obtain that portion of the state court record. (Pro Se Motion for Discharge for Delay in Trial on November 30, 2018) Leaving Martin to file the attached Motion for Leave to Supplement the Record, Exhibit (1).

(*Id.* at 30.) Martin asserts that O.R.C. § 2945.71(E) "is not independent of federal law and the language is mandatory and a state created liberty interest protected by federal due process." (*Id.* at 31.)

### a.  O.R.C. § 2945.71(E)

The state appellate court determined Martin did not argue the constitutionality of O.R.C. § 2945.71(E) before the trial court, and therefore found the issue was waived. *State v. Martin*, 2021-Ohio-3163, 2021 WL 4171696, at *5. Martin disputes that finding, arguing he raised this argument in his *pro se* November 30, 2018 motion. (Doc. No. 20 at 30.)

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim

would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

14

the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S.722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

Even assuming Martin's *pro se* November 30, 2018 motion raises an argument that O.R.C. § 2945.71(E) is unconstitutional as applied (Doc. No. 19-1),[3] Martin filed this motion while represented by counsel (Doc. No. 9-1, PageID# 431); therefore, it was not properly before the trial court as Martin was not entitled to hybrid representation. *Rojas v. Warden, Ross Corr. Inst.*, No. 3:13CV2521, 2015 WL 631183, at *7 (N.D. Ohio Feb. 12, 2015) ("A defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both.") (citing *United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987) (additional citation omitted). *See also Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Because the state appellate court enforced a procedural bar, this claim is procedurally defaulted.

---

[3] While Martin argues Ohio courts are improperly reading "solely" into the triple count provision, he never stated in his motion that the statute was unconstitutional as applied to him. (Doc. No. 19-1.) Furthermore, even if this claim were not procedurally defaulted, a state court's interpretation of state law binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

i.        **Cause and Prejudice**

Martin may nevertheless obtain a merits review of the procedurally defaulted claims if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren*, 440 F.3d at 763.

The Sixth Circuit has held that cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was ineffective in failing to raise the issue. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *Smith v. Ohio, Dept. of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Corr. Facility*, 3:14CV2518, 2016 WL 4177174, at *3 (N.D. Ohio Aug. 8, 2016). However, the underlying claim of ineffective assistance of counsel must in and of itself not be in default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (finding unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim). As set forth above, Martin's appellate counsel raised an argument regarding the unconstitutionality of O.R.C. § 2945.71(E) (Doc. No. 9-1, Ex. 14, 20), even though it appears counsel had informed Martin this argument was going to be found waived. (Doc. No. 9-1, PageID# 292) ("Also, as expected, your constitutional claims were deemed waived as they were not raised by your trial attorney.") In his 26(B) Application, Martin failed to raise any argument that appellate counsel was ineffective for failing to argue any ineffective assistance of trial counsel claim based on failure to raise the unconstitutionality of O.R.C. § 2945.71(E) to the trial court. (Doc. No. 9-1, Ex. 30.) Therefore, any such claim of ineffective assistance of appellate counsel is itself procedurally defaulted and cannot serve as cause to excuse the procedural default.[4]

---

[4] Even assuming *arguendo* Martin's 26(B) Application could be read to assert such an ineffective assistance of appellate counsel claim, the state appellate court considered Martin's claims of ineffective assistance of appellate counsel on the merits as set forth in his App. R. 26(B) Application and rejected

In the absence of cause, a court need not reach the issue of prejudice. *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000); *Sandridge v. Buchanan*, 1:16CV2299, 2017 WL 2255378, at *11 (N.D. Ohio April 27, 2017).

### ii.    Actual Innocence

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Carrier*, 477 U.S. at 495–96); *see also Schlup*, 513 U.S. at 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new and reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

---

them.  Where, as here, a state court correctly identifies *Strickland* as the standard for assessing a petitioner's ineffective assistance claim, in order for the petitioner to receive habeas relief, the state court's ruling must be an unreasonable application of the *Strickland* standard.  *Knowles v. Mirzayance*, 556 U.S. 111, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).  Under the doubly deferential standard, the Court finds that the state appellate court reasonably rejected Martin's ineffective assistance of appellate counsel claim. Accordingly, the Court finds Martin has not satisfied the cause requirement to overcome the procedural default of this portion of Ground One.  *See e.g., Moore,* 708 F.3d at 778 ("That procedural default is not excused because even if his appellate counsel had raised the issue, the underlying claim was meritless."); *Warren v. Smith*, Case No. 1:09CV1064, 2010 WL 2837001, at *9 (N.D. Ohio Apr. 29, 2010) (finding petitioner did not establish cause to excuse the default of habeas claim because state appellate court considered petitioner's 26(B) Application on the merits and determined appellate counsel was not deficient for failing to raise issue on direct appeal).

Here, Martin does not identify any new, reliable evidence of his actual innocence.  The Court finds Martin has not demonstrated he is entitled to the actual innocence exception.

**b.    Sixth Amendment**

The Sixth Amendment to the United States Constitution guarantees a defendant a "speedy and public trial."  U.S. Const. Amend. VI; *Barker v. Wingo*, 407 U.S. 514.  In *Barker*, the Supreme Court refused to establish a set number of days constituting a violation of the speedy trial right.  *Id*. at 523.  Instead, the Court established a balancing test in which the conduct of both the prosecution and the defendant are weighed to assess whether a speedy trial violation has occurred based on the length of the delay between the date of indictment or arrest (whichever is earlier) and the date of trial.  *Id*. at 530; *United States v. Marion*, 404 U.S. 307, 320 (1971).  The following four factors are to be considered under this balancing test: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant.  *Barker*, 407 U.S. at 530; *see also Doggett v. United States*, 505 U.S. 647, 651 (1992).

Ohio courts evaluate the state speedy trial provisions found in O.R.C. § 2945.71 *et seq*., which are considered coextensive with the Sixth Amendment speedy trial requirement.  *Brown v. Bobby*, 656 F.3d at 330 (citing *State v. O'Brien*, 516 N.E.2d 218, 220 (Ohio 1987) and *State v. Pachay*, 416 N.E.2d 589, 591 (Ohio 1980)).  O.R.C. § 2945.71 provides that a person shall be brought to trial within 270 days after arrest, and that, for purposes of computing time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."  O.R.C. §§ 2945.71(C)(2) & (E).  Section 2945.72 lists instances in which the time limit for bringing an accused to trial may be tolled, including "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."  O.R.C. § 2945.72(H).  "[A]ny time an Ohio court reviews the implementation of a speedy trial statute, it is guided not just by those provisions,

18

but also by the dictates of the Sixth Amendment whether or not it expressly applies the factors laid out in *Barker*." *Brown*, 656 F.3d at 331.

Because AEDPA deference applies to a state appellate court's speedy trial analysis on federal habeas review, a court:

> need not go into too great of depth in considering [the *Barker*] factors, but instead should simply ascertain whether the state court's decision constituted an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). A decision can "unreasonably apply" federal law if "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case," or if "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407, 120 S.Ct. 1495. This court is not concerned with whether the state court ruled erroneously or incorrectly, but rather with whether the state court decision was "objectively unreasonable." *See Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004); *Cyars v. Hofbauer*, 383 F.3d 485, 493 (6th Cir. 2004); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004).

*Brown*, 656 F.3d at 332-33.

The state appellate court considered Martin's claim on the merits and rejected it as follows:

FACTS AND PROCEDURAL HISTORY

{¶2} On March 9, 2017, an arrest warrant was issued and Appellant was indicted by the Mahoning County Grand Jury on five counts: count one, aggravated murder, in violation of R.C. 2903.01(A); count two, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(B)(1) and (2); count four, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2) and (B); and count five, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B)[1]. The first three counts contained accompanying firearm specifications in violation of R.C. 2941.145(A). Appellant was appointed counsel, entered a not guilty plea at his arraignment, and was found competent to stand trial.

{¶3} Numerous motions were filed and pretrial hearings were held which tolled Appellant's speedy trial clock. A jury trial was ultimately set for March 26, 2018. Five days before trial, Appellant filed a motion to continue. The trial court granted the motion and scheduled the matter for a May 4, 2018 pretrial. On April 20, 2018, Appellant filed a motion to continue. The court granted the

19

motion, scheduled the matter for a May 22, 2018 pretrial, and indicated that Appellant's speedy trial time would be tolled during the period of the continuance. (4/26/2018 Judgment Entry). On May 16, 2018, Appellant filed another motion to continue the pretrial. The court granted the motion.

{¶4} A July 20, 2018 pretrial hearing was held. All parties were present and the court indicated the matter would be set "at first available trial date and by agreement of parties." (Emphasis sic) (7/23/2018 Judgment Entry). The court further set another pretrial for October 2, 2018, a final Crim.R. 11 pretrial for November 28, 2018, and a jury trial for December 10, 2018. (*Id.*) The court stated "the parties agree that this is the first available [jury trial] date." (*Id.*) The court later granted a motion by Appellee, the State of Ohio, to continue the October 2, 2018 hearing.

{¶5} Pretrial hearings were also held on October 19, 2018 and November 28, 2018. All parties were present. Appellant filed a motion to dismiss and/or a motion for discovery sanctions. The trial court granted the State leave until December 14, 2018 to respond and/or comply. (11/28/2018 Judgment Entry). The court indicated that "[p]ursuant to R.C. 2945.72(H), speedy trial time is tolled pending ruling on motion, and the trial scheduled for December 10, 2018 is hereby continued. If court does not grant the defense motion the case is rescheduled for trial." (*Id.*) The court further set a final Crim.R. 11 pretrial for February 6, 2019 and a jury trial for February 11, 2019 "by agreement of parties." (*Id.*)

{¶6} On February 4, 2019, Appellant filed a motion for discovery sanctions or to continue the jury trial. The trial court overruled Appellant's motion for sanctions at that time but granted his motion to continue. (2/7/2019 Judgment Entry). The court set a final Crim.R. 11 pretrial for May 8, 2019 and a jury trial for May 13, 2019 "by agreement of parties." (*Id.*)

{¶7} On April 25, 2019, Appellant filed a pro se motion for new counsel. The State did not object. The trial court granted Appellant's motion and appointed new counsel. (5/8/2019 Entry of Appearance; Judgment Entry). Based on that motion, the court continued the jury trial and set the matter for a June 6, 2019 pretrial hearing. (5/8/2019 Judgment Entry). The court stated that "[s]peedy [t]rial is tolled pursuant to ORC 2945.72(C)." (*Id.*)

{¶8} All parties were present at the June 6, 2019 pretrial. Appellant's newly appointed counsel requested additional time to review discovery. The trial court granted counsel's request "thus tolling speedy trial." (6/12/2019 Judgment Entry). The court set a pretrial for August 20, 2019. (*Id.*) All parties were present at that hearing. The court set another pretrial for October 4, 2019, a final Crim.R. 11 hearing for December 3, 2019, and a jury trial for December 9, 2019. (8/21/2019 Judgment Entry). Regarding the jury trial, the court stated "the parties have agreed that this is the first available date." (*Id.*)

{¶9} All parties were present at the October 4, 2019 and December 3, 2019 pretrials. At the December 3, 2019 hearing, Appellant's counsel indicated an intention to file a motion to dismiss on speedy trial grounds (which was subsequently filed on December 10, 2019). The State orally replied that it would need some time to respond, which the trial court granted and tolled the time. (12/17/2019 Judgment Entry). The court set a final Crim.R. 11 hearing for January 29, 2020. (*Id.*) The parties "agree[d] to continue the aforementioned [jury] trial date to a date certain of February 3, 2020, so that the motion may be properly addressed beforehand." (*Id.*)

{¶10} On January 10, 2020, the State filed a response to Appellant's motion to dismiss. The State alleged Appellant's statutory right to a speedy trial was not violated because the speedy trial clock did not reach beyond 270 days. Appellant filed a reply.

{¶11} On January 23, 2020, the trial court granted defense counsel's motion to allow another attorney to participate as co-counsel. "Both counsel met and conferred with [Appellant], who agree[d] that multiple representation would be in his best interest." (1/23/2020 Judgment Entry).

{¶12} All parties were present at the January 29, 2020 pretrial. Appellant's counsel made an oral motion to continue the jury trial. The trial court overruled Appellant's motion to dismiss on speedy trial grounds, tolled the time, set a final Crim.R. 11 hearing for March 4, 2020, and a jury trial for March 9, 2020 which "date was agreed upon by [the] parties." (1/31/2020 Judgment Entry).

{¶13} On March 4, 2020, Appellant filed a waiver of counsel. That same date, the trial court granted Appellant's motion to proceed pro se with stand-by counsel.

{¶14} On March 13, 2020, Appellant withdrew his former not guilty plea and pleaded no contest to the following: amended count one, murder, in violation of R.C. 2903.02(A), with an accompanying firearm specification in violation of R.C. 2941.145(A); count two, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B), with an accompanying firearm specification in violation of R.C. 2941.145(A); and count five, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B).

{¶15} The trial court accepted Appellant's no contest plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court dismissed counts three and four.

{¶16} On March 13, 2020, the trial court sentenced Appellant to 15 years to life on count one and three years on the accompanying firearm specification (both firearm specifications merged); 11 years on count two; and 36 months

on count five. The court ordered counts one, two, and five to run concurrently to each other but consecutively to the firearm specification for a total of 18 years to life in prison. The court further notified Appellant that he is subject to five years of mandatory post-release control.

{¶17} Appellant filed a timely appeal and raises two assignments of error.

ASSIGNMENT OF ERROR NO. 1

TERRELL MARTIN WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A SPEEDY TRIAL.

{¶18} "An appellate court's review of a speedy trial claim is a mixed question of law and fact; a reviewing court gives due deference to the trial court's factual findings that are supported by competent, credible evidence and independently reviews whether the correct law was applied to the facts of the case." *State v. Baker*, 7th Dist. Mahoning No. 19 MA 0080, 2020-Ohio-7023, ¶ 98.

> The right to a speedy trial is a fundamental right of a criminal defendant guaranteed by the United States and Ohio Constitutions. (Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10.) States have the authority to prescribe reasonable periods in which a trial must be held, consistent with constitutional requirements. *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial." *State v. Hughes,* 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999). The statutory speedy trial provisions, R.C. 2945.71 *et seq.*, were enacted to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and are to be strictly enforced. *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). The prosecution and the trial court both have a mandatory duty to try an accused within the time frame provided by the statute. *State v. Singer,* 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977); see also *State v. Cutcher,* 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978).

> Because the general assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances. *State v. Lee,* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976). Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may

be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *State v. Ramey,* 132 Ohio St.3d 309, 313, 2012-Ohio-2904, 971 N.E.2d 937, 942, ¶ 24. These extensions are to be strictly construed, and not liberalized in favor of the state. *Id.*

*State v. Torres*, 7th Dist. Jefferson Nos. 12 JE 30 and 12 JE 31, 2014-Ohio-3683, ¶ 11-12.

{¶19} R.C. 2945.71, "Time within which hearing or trial must be held," states in part:

> (C) A person against whom a charge of felony is pending:
>
> * * *
>
> (2) Shall be brought to trial within two hundred seventy days after the person's arrest.
>
> * * *
>
> (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *

R.C. 2945.71(C)(2) and (E)

{¶20} Appellant was charged with felony offenses. As such, Appellant was required to be brought to trial within 270 days of his March 9, 2017 arrest. R.C. 2945.71(C)(2). Although R.C. 2945.71 requires that trial commence within 270 days after a defendant's arrest, the trial timeline may be extended by tolling events, as indicated by R.C. 2945.72, "Extension of time for hearing or trial," which provides:

> The time within which an accused must be brought to trial * * * may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

R.C. 2945.72(A)-(I)

{¶21} The statute is clear that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). The time may be tolled by certain events, including continuances and motions. R.C. 2945.72(C), (E), and (H). Compliance with these speedy trial statutes is mandatory and the provisions are strictly construed against the State. *State v. Kozic*, 7th Dist. Mahoning No. 11 MA 160, 2014-Ohio-3788, ¶ 85.

{¶22} As stated, Appellant was already incarcerated in Case Nos. 2016 CR 710 A, 2016 CR 1210 S, and 2017 CR 398, when he was indicted in this case. Thus, the R.C. 2945.71(E) triple-count provision did not apply until all three cases were resolved. *See State v. Christian*, 7th Dist. Mahoning No. 12 MA 164, 2014-Ohio-2590, ¶ 9 (The triple-count provision only applies when a defendant is being held in jail solely on the pending charge).

{¶23} Appellant did not argue the constitutionality of R.C. 2945.71(E) before the trial court. Thus, that issue is not properly before us as it is waived. *State v. Mieczkowski*, 7th Dist. Jefferson No. 17 JE 0016, 2018-Ohio-2775, ¶ 20, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277

24

(1986) ("'(T)he question of the constitutionality of a statute must generally be raised at the first opportunity and, in criminal prosecution, this means in the trial court'").

{¶24} Appellant also did not argue below that the trial court's bond did not toll his speedy trial clock. The bond revocation issue that Appellant raises here occurred on May 1, 2017 in another case, Case No. 2016 CR 710 A. Appellant was not denied a bond without a hearing in this case, Case No. 2017 CR 248, because he had an opportunity to address his bond in open court at his arraignment and at a later pretrial. (4/25/2017 Judgment Entry; 2/21/2018 Judgment Entry).

{¶25} Furthermore, the record does not support Appellant's contention regarding alleged discovery violations. The trial court denied Appellant's motions for sanctions and never found a violation had in fact occurred or that the State delayed in providing him discovery. (2/7/2019 Judgment Entry). Also, the State's witness list did not violate the discovery rules. *See* Crim.R. 16(I) (All that is required by these rules are the "names and addresses of any witness [each party] intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal").

{¶26} Upon review, a total of 116 days had run on Appellant's speedy trial clock. As stated, Appellant was arrested on March 9, 2017.[2] Thus, the next day, March 10, 2017, begins the first day of his speedy trial clock. *See State v. Hart*, 7th Dist. Columbiana No. 06 CO 62, 2007-Ohio-3404, ¶ 11 ("The day of arrest does not count against the speedy trial time").

{¶27} The most relevant tolling periods are as follows[3]:

{¶28} (1) March 10, 2017, when Appellant filed his first of several discovery motions, including a request for discovery and a bill of particulars. Appellant's clock tolled until April 3, 2017, when the State provided discovery. Thus, as of April 3, 2017, zero days (March 10, 2017 – March 10, 2017) had run on Appellant's speedy trial clock.

{¶29} (2) April 24, 2017, when counsel filed a suggestion of incompetency. This tolled Appellant's clock until September 18, 2017, when the trial court found Appellant competent. Thus, as of September 18, 2017, 21 days (April 4, 2017 – April 24, 2017) had run on Appellant's speedy trial clock.

{¶30} (3) November 30, 2017, when Appellant filed several motions, including a motion to establish bail, a motion to enlarge time to file pretrial motions, and a motion for discovery sanctions. The trial court established Appellant's bond in this case and in Case No. 2017 CR 398 on February 21, 2018. Thus, as of February 21, 2018, an additional 73 days (September 19, 2017 – November 30, 2017) had run on Appellant's speedy trial clock for a total of 94 days.

{¶31} (4) March 15, 2018, when Appellant filed several additional discovery motions, including a renewed motion for discovery sanctions and a supplemental motion for appropriation of funds for expert assistance. Thus, as of March 15, 2018, an additional 22 days (February 22, 2018 – March 15, 2018) had run on Appellant's speedy trial clock for a total of 116 days.

{¶32} (5) March 21, 2018, when Appellant filed a motion to continue the March 26, 2018 trial. Thus, Appellant's speedy trial tolled based on his continuance from (March 21, 2018 to December 10, 2018) and the total days that had run remained at 116 days.[4]

{¶33} (6) November 28, 2018, when the trial court continued the December 10, 2018 trial to allow time to address Appellant's motions to dismiss and for discovery sanctions. The trial court specified that the time is tolled pending ruling on the motions and rescheduled the trial for February 11, 2019 "by agreement of parties." (11/28/2018 Judgment Entry). Thus, Appellant's speedy trial clock remained tolled from (November 28, 2018 – February 11, 2019) based on his motions and the court's continuance. The total days that had run remained at 116 days.

{¶34} (7) February 4, 2019, when Appellant filed a motion to continue the February 11, 2019 trial and a motion for discovery sanctions. The trial court denied Appellant's motion for discovery sanctions but granted his motion to continue the trial until May 13, 2019 which was "the first available date by agreement of parties." (2/7/2019 Judgment Entry). Thus, Appellant's speedy trial clock remained tolled from (February 4, 2019 – May 13, 2019). The total days that had run remained at 116 days.

{¶35} (8) May 8, 2019, when the trial court continued the trial because Appellant's counsel withdrew and another was appointed. The trial was rescheduled for December 9, 2019. (8/21/2019 Judgment Entry, "the parties have agreed that this is the first available date"). Thus, Appellant's speedy trial clock remained tolled from (May 8, 2019 – December 9, 2019). The total days that had run remained at 116 days.

{¶36} (9) December 3, 2019, when the trial was continued by the parties again until February 3, 2020. Thus, Appellant's speedy trial clock remained tolled from (December 3, 2019 – February 3, 2020). The total days that had run remained at 116 days.

{¶37} (10) December 10, 2019, when Appellant filed a motion to dismiss for a speedy trial violation. On January 29, 2020, the trial court denied Appellant's motion to dismiss but granted his oral motion to continue the trial to March 9, 2020. Thus, Appellant's speedy trial clock remained tolled from (February 3, 2020 – March 9, 2020). The total days that had run remained at 116 days.

{¶38} On March 4, 2020, Appellant waived his right to counsel. Two days later, Appellant pleaded no contest and was sentenced by the trial court. Thus, the total days that had run remained at 116 days.

{¶39} Because there were multiple tolling events, as addressed, Appellant's speedy trial clock did not reach the 270th day. Thus, Appellant's right to a speedy trial was not violated.

{¶40} Appellant's first assignment of error is without merit.

* * *

[1] Appellant was already incarcerated in Case Nos. 2016 CR 710 A, 2016 CR 1210 S, and 2017 CR 398, when he was indicted in this case.

[2] In his motion to dismiss on speedy trial grounds, Appellant states he was arrested on March 10, 2017. In his appellate brief, however, Appellant states he was arrested on March 1, 2017. Thus, at most, eight more days would be added to his speedy trial clock.

[3] The State lists several other additional tolling events revealing that Appellant's speedy trial clock did not expire before the 270th day. (2/22/2021 Appellee's Supplemental Brief, p. 13).

[4] The March 26, 2018 trial was rescheduled as a pretrial for May 4, 2018 but Appellant successfully moved to continue that pretrial on two occasions. The May 4, 2018 pretrial was reset for May 22, 2018 and was ultimately heard on July 23, 2018. At the July 23, 2018 pretrial, the trial was set for the first available date and by "agreement of the parties," thereby constituting a joint motion to continue. The trial was scheduled for December 10, 2018. On October 29, 2018, Appellant had been sentenced in his other pending cases. Thus, Appellant was now being held solely on the instant case which made the triple-count provision applicable going forward.

*State v. Martin*, 2021-Ohio-3163, 2021 WL 4171696, at **1-7.

While Martin disputes the state appellate court's speedy trial calculations, he does not show how the state appellate court's calculation was an *unreasonable* application of clearly established federal law. The state appellate court reasonably considered the multitude of tolling events, and even recognizing certain arguments by Martin, found the speedy trial clock did not reach 270 days. Again, "[t]his court is not concerned with whether the state court ruled erroneously or incorrectly, but rather with whether the state court decision was "objectively unreasonable." *Brown*, 656 F.3d at 332-33. To the extent Martin

relies on his argument that Ohio courts are improperly reading "solely" into the triple count provision in support of his Sixth Amendment argument, it is well-established that a state court's interpretation of state law binds a federal court sitting in habeas corpus.  *See Bradshaw v. Richey*, 546 U.S. at 76; *Estelle v. McGuire*, 502 U.S. at 67-68.   Furthermore, the Sixth Circuit discussed the Ohio courts "solely" interpretation in its analysis of Ohio's statutory scheme:

> The state court's finding that Brown was also held pursuant to a parole holder, meaning that he did not suffer prejudice from oppressive pretrial incarceration, was a reasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d)(2). The Supreme Court has discussed this form of prejudice, noting that "[t]he time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness.... The time spent in jail is simply dead time." *Barker,* 407 U.S. at 532–33, 92 S.Ct. 2182. **But if Brown would have been incarcerated despite the charges at issue, then he cannot be said to have been prejudiced by his incarceration on those charges.** In *United States v. Brown,* 498 F.3d 523, 532 (6th Cir.2007), we concluded that no prejudice arose from defendant's incarceration "because even if he had not been detained in this case, he would have been in state custody for [charges pending in two other states]."

> **The state court of appeals considered whether Brown was held solely on the rape charges or if he was also held pursuant to a parole holder in determining whether to apply the triple-count provision under Ohio's speedy trial law.[4] That provision requires that a defendant held solely on the pending charge be brought to trial within ninety days, but that he otherwise be brought to trial within 270 days.** *See* Ohio Rev.Code § 2945.71. The court of appeals held that Brown was not being held solely on the rape charges:

> > [Brown's] counsel acknowledged that [Brown] was being held on a parole holder in addition to the pending charges. Evidence of a valid parole holder can be adduced from the transcripts of the trial court hearing. [Brown] apparently told his attorney that he was in contact with his parole officer and that the parole officer told him that if he was not convicted of the rape charges, he would drop the parole violation. Furthermore, counsel acknowledged at one point that the State had a duty to try [Brown] within 270 days. This too was an acknowledgment of the parole holder because [Brown's] speedy trial time would only be 270 days if he was being held on the rape charges and the parole holder.

> Moreover, ... [Brown] did not request findings of fact from the trial court. The court issued a judgment denying [Brown's] motion to dismiss. The court applied the 270–day limit without addressing why the triple-count provision did not apply.
>
> Thus, because the record supports the trial court's decision, [Brown] was not entitled to [the] triple-count provision as he was not being held solely on the pending charge.

> *Brown,* 2005 WL 1385715, at *5 (citations and footnote omitted). This finding is reasonable considering the evidence presented.

> Brown did not put forth sufficient evidence to show that he could not have been held pursuant to a parole holder, and thus the state court was reasonable in finding that he was not held solely on the pending charge. The mere fact that Brown now submits a notarized letter from his parole officer does not make this finding unreasonable, especially considering that this letter does not state that the parole holder would not have become active if Brown had not been held according to the rape charges. Instead, this letter states only that "[s]ince [Brown] never posted bond, the APA Hold order was never active." The warden explained at oral argument that a parole holder only activates if there is a reason for it, such as the posting of bail, and Brown has not shown that if he had sought release, the parole holder would not have activated in his case. **Considering the state court's reasonable factual finding, we cannot find to the contrary that Brown suffered any actual prejudice from oppressive pretrial incarceration because he likely would have been detained regardless.**

*Brown v. Bobby*, 656 F.3d at 335-36 (emphasis added).

Likewise, regarding Martin's challenge to the state appellate court's interpretation of the applicable tolling events under Ohio statute, it is well-established that a state court's interpretation of state law binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. at 76; *Estelle v. McGuire*, 502 U.S. at 67-68.

In short, the undersigned finds that Martin has not shown that the Ohio Court of Appeals' decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103. Thus, the undersigned finds that Martin's speedy trial claim fails on the merits.

2.      **Ground Two**

In Ground Two, Martin argues that he received ineffective assistance of counsel and was denied the right to a fair trial and due process under the Fifth, Sixth, and Fourteenth Amendments, "because [of] failure to object to the trial court's failure to record all proceedings in the instant case."  (Doc. No. 1 at 9.) Martin argues trial counsel was ineffective for "failing to respond to the State's request for discovery," and to the extent this failure is found "to toll the speedy trial clock so as to deny Mr. Martin his right to speedy trial, counsel's failure has prejudiced Mr. Martin and, that prejudice constitutes ineffective assistance of counsel."  (*Id.*)

Respondent argues that "[t]he logic of the Ohio Court of Appeals' adjudication as to ineffective assistance of counsel is compelling: If there is no violation of speedy trial, then there is no ineffective assistance of counsel in relation to speedy trial, and that is what Martin is arguing in habeas ground two." (Doc. No. 9 at 30.)  In addition, Respondent maintains that "[t]he question of recording of pretrial hearings is determined by state law" and is not a basis for a federal ineffective assistance of counsel claim.  (*Id.*) (citing *Estelle*, 502 U.S. 62).  Furthermore, even if the pretrial proceedings had been recorded, "there is no showing that the result of the proceeding would have been different or that there is a reasonable probability sufficient to undermine confidence in the outcome."  (*Id.* at 31) (citing *Strickland,* U.S. 668, 694 (1984)).

Martin raised an ineffective assistance of trial counsel claim to both the state appellate court and the Supreme Court of Ohio.  (Doc. No. 9-1, Ex. 14, 20, 27.)  The state appellate court considered Martin's claim on the merits and rejected it as follows:

> {¶41} Appellant alleges his trial counsel was ineffective because he failed to properly litigate the motion to dismiss on speedy trial grounds, failed to respond to the State's discovery requests, and failed to ensure all pretrials were recorded.

{¶42} "[T]he Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052 (1984).

In order to demonstrate ineffective assistance of counsel, Appellant must show that trial counsel's performance fell below an objective standard of reasonable representation, and prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established: If counsel's performance was not deficient, then there is no need to review for prejudice. Likewise, without prejudice, counsel's performance need not be considered. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

In Ohio, a licensed attorney is presumed to be competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In evaluating trial counsel's performance, appellate review is highly deferential as there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142-143, citing *Strickland* at 689. Appellate courts are not permitted to second-guess the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

Even instances of debatable strategy very rarely constitute ineffective assistance of counsel. *See State v. Thompson*, 33 Ohio St.3d 1, 10, 514 N.E.2d 407 (1987). The United States Supreme Court has recognized that there are "countless ways to provide effective assistance in any given case." *Bradley* at 142, citing *Strickland* at 689.

To show prejudice, a defendant must prove his lawyer's deficient performance was so serious that there is a reasonable probability the result of the proceeding would have been different. *Carter* at 558. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d 136 at fn. 1, 538 N.E.2d 373, quoting *Strickland* at 693. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair as a result of the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

* * *

[A]n ineffective assistance of counsel claim cannot be predicated upon supposition. *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634, ¶ 15. Likewise, proof of ineffective assistance of counsel

31

requires more than vague speculations of prejudice. *Id.* ¶ 55, citing *State v. Otte*, 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.

*State v. Rivers*, 7th Dist. Mahoning No. 17 MA 0078, 2019-Ohio-2375, ¶ 20-23, 27.

> When a claim for ineffective assistance of counsel is made based on failure to file an objection or a motion, the appellant must demonstrate that the objection or motion had a reasonable probability of success. If the objection or motion would not have been successful, then the appellant cannot prevail on the ineffective assistance of counsel claim. *State v. Adkins,* 161 Ohio App.3d 114, 2005-Ohio-2577, ¶ 14 (4th Dist.).

*State v. Saffell*, 7th Dist. Jefferson No. 19 JE 0021, 2020-Ohio-7022, ¶ 51.

{¶43} In this case, as addressed in his first assignment of error, Appellant fails to establish that the motion to dismiss based on speedy trial grounds should have been granted. Appellant's arguments do not amount to ineffective assistance of counsel.

{¶44} In *State v. Miller*, 9th Dist. Medina No. 07CA0037-M, 2008-Ohio-1002, our Sister Court considered and rejected the same issue that Appellant makes here.

> The *Miller* court opined that to conclude that counsel was ineffective for not filing a response to a reciprocal discovery request, and thereby toll the time limit under [*State v.*] *Palmer*, [112 Ohio St.3d 457, 2007-Ohio-374] required an underlying presumption that neither the State nor the trial court would have realized the defendant's speedy trial rights were about to be violated and taken action. *Id.* "(W)e *decline to presume*," the court ruled, "that (the defendant's) speedy trial rights would have been violated but for his counsel's failure to respond to discovery." *Id.* at ¶ 15 (Emphasis sic.)

*State v. Saultz*, 4th Dist. Ross No. 09CA3133, 2011-Ohio-2018, ¶ 20, quoting *Miller* at ¶ 14-15.

{¶45} We find this reasoning persuasive. For purposes of an ineffective assistance of counsel claim, prejudice must not be presumed, but rather must be affirmatively shown. *See Saultz, supra,* at ¶ 21. To hold otherwise requires some degree of speculation. *Id.; see also State v. Neer*, 10th Dist. Franklin Nos. 19AP-55 and 19AP-57, 2020-Ohio-279, ¶ 3-10. In addition, trial counsel was not ineffective for failing to ensure all pretrial proceedings were recorded and/or for failing to object to having all pretrial proceedings recorded. *See State v. Murphy*, 91 Ohio St.3d 516, 539, 747 N.E.2d 765 (2001) (Trial counsel's failure to object to not having all proceedings recorded does not amount to ineffective assistance of counsel); *see also State v. Caldwell*, 10th

Dist. Franklin No. 09AP-685, 2010-Ohio-1324, ¶ 36 (Appellate court declined to presume prejudice merely from the failure to have proceedings recorded and transcribed).

{¶46} Upon consideration, the record establishes that trial counsel's representation was constitutionally effective and did not affect Appellant's speedy trial rights. Counsel's performance was neither deficient nor prejudicial. Appellant fails to demonstrate ineffective assistance of counsel. *See Strickland, supra.*

{¶47} Appellant's second assignment of error is without merit.

*State v. Martin*, 2021-Ohio-3163, 2021 WL 4171696, at **7-9.

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id.* To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that the challenged conduct of a petitioner's counsel was a matter of strategy. *Id.* at 689. *See also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

As explained by the United States Supreme Court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. 1411, 173 L.Ed.2d 251.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard.

*Harrington*, 562 U.S. at 105.  *See also Kennedy v. Warren*, 428 F. App'x 517, 520 (6th Cir. 2011); *Phillips v. Sheldon*, Case No. 3:12-cv-01609, 2014 WL 185777, at **14-15 (N.D. Ohio Jan. 16, 2014).

Here, the Court finds the state appellate court reasonably determined trial counsel was not ineffective.  As set forth in detail *supra*, the state appellate court reasonably found there was no speedy trial violation, and the state appellate court did not in fact rely on defense counsel's failure to respond to the State's request for discovery to toll the speedy trial clock.  Martin fails to identify any authority that he has a federal constitutional right to have all pretrial proceedings recorded.  Furthermore, Martin makes no showing that the result of the proceeding would have been different but for the recording of the pretrial proceedings.

As the Supreme Court made clear in *Harrington*, "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." 562 U.S. at 105.  Under this deferential standard, for all the reasons set forth in this Report and Recommendation, the Court finds the state appellate court reasonably determined trial counsel was not ineffective.  It is therefore recommended that Ground Two be DENIED.

## IV.    Conclusion

For all the reasons set forth above, it is recommended that the Petition be DENIED.


Date: February 14, 2025                             *s/ Jonathan Greenberg*
                                                    Jonathan D. Greenberg
                                                    United States Magistrate Judge


## <u>OBJECTIONS</u>

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**