**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRELL MARTIN, | ) | CASE NO. 4:23-cv-00388 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE JONATHAN |
| | ) | D. GREENBERG |
| WARDEN, DAVID W. GRAY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

## I.      Introduction

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate

Judge Jonathan D. Greenberg. (R. 22).[1]  Petitioner Terrell Martin filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting two Grounds (speedy trial/due process

and ineffective assistance of counsel). (R. 1, PageID 4, 9). Respondent Warden, David W. Gray,

filed the Return of Writ. (R. 9). Thereafter, Petitioner filed a Traverse. (R. 20). Petitioner

additionally filed a Motion for Leave to Supplement the Record, attaching a pretrial motion he

filed in state court (R. 19; R. 19-1), which the Court granted. (R. 21). The Magistrate Judge

considered the aforementioned filings and issued the R&R, which recommends the Court deny

the Petition. (R. 22, PageID 707, 741). Petitioner timely filed Objections to the R&R. (R. 25).

Respondent has not responded to the Objections.

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

## II.    Standard of Review

When a magistrate judge submits an R&R, the Court is required to conduct a *de novo* review of those portions of the Report to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (Calabrese, J.) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citation omitted)).

## III.    Facts and Procedural History

The Court adopts the R&R's factual summary and procedural background of this case (R. 22, PageID 707-13), and further recites information pertinent to its review of the R&R.

On March 9, 2017, a Mahoning County Grand Jury indicted Petitioner on Aggravated Murder (Count One), Aggravated Burglary (Count Two), Kidnapping (Count Three), Weapons under Disability (Count Four), and Tampering with Evidence (Count Five). (R. 9-1, PageID 68-70). An original trial date of May 8, 2017, was established. (*Id.* at 72).

After the filing of numerous motions and a finding that Petitioner was competent to stand trial, (*id.* at 423-26), the court reset the trial date to March 26, 2018. (*Id.* at 427). Five days before this trial date, Petitioner moved for a continuance, which the court granted. (*Id.* at 427-28). After continuing pretrial and trial dates (December 10, 2018, February 11, 2019, May 13, 2019), several more times, primarily at Petitioner's request (*id.* at 428-32), the trial court granted Petitioner's *pro se* motion for new counsel (filed April 25, 2019). (*Id.* at 432). The court then

2

scheduled a pretrial conference for June, which was moved to August 20, 2019. (*Id.* at 432-33).

With all parties present at the August pretrial, the trial court rescheduled the jury trial to December 9, 2019. (*Id.* at 80-81, 433-34). During a final pretrial hearing on December 3, 2019, Petitioner's Counsel informed the trial court he planned to move for dismissal for speedy trial violations, which he filed on December 10, 2019. (*Id.* at 80-81, 83-86, 434). This prompted another continuance of the trial, as the court granted the State thirty days to respond and rescheduled the trial date to February 3, 2020. (*Id.* at 80-81, 434-35). The State filed its response, citing numerous tolling events.[2] (*Id.* at 88-97). Petitioner filed his Reply. (*Id.* at 99-106).

During a January 29, 2020 pretrial, Petitioner orally moved for yet another continuance, and the parties agreed to move the jury trial to March 9, 2020. (*Id.* at 108-09, 435). The court also overruled Petitioner's Motion to Dismiss. (*Id.*). But five days prior to this trial date, the court granted the motion of Petitioner's Counsel to withdraw and appointed standby counsel. (*Id.* at 438). Thereafter, the State entered into an agreement with Petitioner, amending Count One to Murder, and on March 13, 2020, Petitioner changed his plea from not guilty to no contest to Counts One, Two, and Five, while the State dismissed Counts Three and Four. (*Id.* at 111-19, 438). The trial court accepted the plea and sentenced Petitioner to 18 years to life on Count One; 11 years on Count Two; and 36 months on Count Five, in conjunction with the terms of the negotiated plea. (*Id.* at 121-25).

Petitioner directly appealed on March 23, 2020, (*id.* at 127-29, 438), and the Seventh District Court of Appeals (Mahoning County) affirmed Petitioner's conviction. (*Id.* at 268-83,

---

[2]     Ohio criminal law provides for permissible reasons for extending trials, which include, "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused" Ohio Rev. Code § 2945.72(E), and "t]he period of any continuance granted on the accused's own motion…." § 2945.72(H).

449-50). *See State v. Martin,* 2021-Ohio-3163, 2021 WL 4171696, at *1 (Ohio Ct. App. Sept. 10, 2021). The Ohio Supreme Court, after allowing a delayed appeal, (*id.* at 285-315; *State v. Martin,* 165 Ohio St.3d 1503 (Jan. 18, 2022)), declined to accept jurisdiction. (*Id.* at 330, 455). *State v. Martin,* 166 Ohio St.3d 1448 (Mar. 29, 2022). Petitioner also filed a *pro se* motion to reopen his appeal, (*id.* at 332-60, 450), which the Court of Appeals denied. (*Id.* at 374-78, 451). *State v. Martin,* 2022-Ohio-367, 2022 WL 389543 (Feb. 1, 2022). On March 17, 2022, Petitioner appealed, (*id.* at 380, 451), and the Ohio Supreme Court declined to accept jurisdiction. (*Id.* at 421, 457). *State v. Martin,* 166 Ohio St.3d 1498 (May 10, 2022).

Petitioner then filed this Habeas Petition on February 14, 2023, asserting two Grounds for relief:

> **Ground One:** The Petitioner was denied his right to a Speedy Trial, and due process under U.S. Constitution Amendment V, VI, and XIV.
>
> **Ground Two**: Ineffective Assistance of Counsel, denied the Petitioner his right to a fair trial, and due process under U.S. Constitution Amendment V, VI, and XIV, because failure to object to the trial court's failure to record all proceedings in the instant case [sic].

(R. 1, PageID 4, 9; R. 22, PageID 714).

As to the first Ground for relief, Petitioner argued that the trial court's interpretation of Ohio Rev. Code § 2945.71(E) denied Petitioner due process, rending it unconstitutional as applied. (R.1, PageID 4-6). He additionally asserted the trial court violated his Sixth Amendment rights in denying the Motion to Dismiss when he was retained in custody for 270 days and not released on bail. (*Id.* at 6-9). As to the second Ground, Petitioner contended his trial counsel was ineffective for failing to respond to the State's discovery requests and for failing to object to the trial court's failure to record all proceedings. (*Id.* at 9-10).

4

## IV.    Discussion

The Magistrate Judge, in the R&R, provides a thorough analysis of Petitioner's Grounds for relief, finding that they both lack merit.

In considering Ground One, the Magistrate Judge, balancing the factors set forth in *Barker v. Wingo,* 407 U.S. 514 (1972), determined:

> [I]n light of the seriousness of the charges, the multitude of motions and objections and requests and delays from the defense during the run-up to trial that ended only by Martin's no contest plea, and especially the absence of any indication of prejudice, the state appellate court's decision i[s] not an unreasonable application of federal law.

(R. 22, PageID 718) (citing R. 9, PageID 55-56). Thus, the Magistrate Judge found Petitioner failed to show the state appellate court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." (R. 22 at 735) (citing *Harrington v. Richter,* 562 U.S. 86, 103 (2011)). And, therefore, his speedy trial claim fails on the merits. (*Id.*).

Second, the Magistrate Judge found Petitioner procedurally defaulted his constitutional challenge to Ohio Rev. Code § 2945.71(E), as he failed to raise it in the trial court.[3] (*Id.* at 719) (citing R. 9 at 25). *See* C*happell v. Morgan,* Case No. 4:15-cv-882, 2016 WL 8259330, at *13, n. 10 (N.D. Ohio Nov. 30, 2016) (Knepp, Mag.), *report and recommendation adopted*, 2017 WL 635475 (N.D. Ohio Feb. 16, 2017) (Boyko, J.)). Finally, he notes in the R&R, even if there was such an error of state law, it is not cognizable under federal habeas review. (R. 9 at 719) (citing *Estelle v. McGuire,* 502 U.S. 62, 68 (1991)).

As to Ground Two, the Magistrate Judge agreed with the state appellate court's

---

[3]    As the state appellate court determined, Petitioner did not argue this issue before the trial court, and therefore he waived it. (R. 22, PageID 719) (citing *State v. Martin,* 2021 WL 4171696 at *5).

determination that no speedy trial claim existed, and that nullified any ineffective assistance arguments on that basis. (R. 22 at 740). Moreover, the appellate court did not rely on counsel's failure to respond to the State's discovery requests to toll the speedy trial clock. (*Id.*). Finally, Petitioner failed to identify authority to demonstrate a federal constitutional right to recorded proceedings. (*Id.*).

### V.      Petitioner's Objections

As noted above, a general objection that merely restates an argument previously presented or simply voices disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object." *Howard,* 932 F.2d at 509. Petitioner's Objections include thirty-eight pages that do just that—present general objection that constitutes the same as failing to object. (R. 25). But combing through the filing, the Court identifies two objections for the Court's review, and they are considered in turn.

Petitioner first objects to the finding that he procedurally defaulted the constitutional challenge to Ohio Rev. Code § 2945.71(E). He asserts he had the right under Ohio R. Crim. Pro. 52(B) to raise a defect affecting a substantial right on appeal. (R. 25, PageID 746-58). However, having shown no cause for default or resulting prejudice, or that he is "actually innocent," (R. 22 at 719-24), the R&R sufficiently and appropriately addresses this issue. Applying the aforementioned standard of review, the Court has considered the Petitioner's objection, the R&R, and the pertinent record. The Court agrees with the findings set forth in the R&R, finds no error, finds no merit to the objection, and overrules this objection.

Petitioner next objects to the denial of his speedy trial claims, asserting because he entered a no contest plea, *Barker v. Wingo* is inapplicable; the statutory interpretation was non-cognizable; and speedy trial is a liberty interest protected by due process. (*Id.* at 759-82). While

6

the right to a speedy trial is a constitutionally protected interest, Petitioner's right was not violated, and Petitioner's other assertions are simply inaccurate. *See e.g., Hyde v. Warden, Pickaway Corr. Inst.*, No. 2:14-cv-02725, 2016 WL 1594596, at *8 (S.D. Ohio Apr. 21, 2016) (finding no speedy trial violations under *Barker v. Wingo* where defendant entered a no contest plea); *State v. Skorvanek,* 2009-Ohio-3924, 2009 WL 2424114 (Ohio Ct. App. Aug. 10, 2009) (applying the four factors of *Barker v.* Wingo in finding the defendant's speedy trial rights were not violated after entering plea of no contest 423 days after signing a waiver). Therefore, having considered the Petitioner's objection, the R&R, and the pertinent record, the Court agrees with the R&R's findings, finds no error, and overrules this objection because it lacks merit.

Finally, finding counsel was not ineffective, the R&R correctly concludes that Ground Two should be denied.

## VI.    Conclusion

For the reasons set forth, the Court OVERRULES the Petitioner's Objections, (R. 25), and ADOPTS the Magistrate Judge's Report and Recommendation (R. 22). The Petition for a Writ of Habeas Corpus (R. 1) is hereby DISMISSED on the merits.

Furthermore, a habeas petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); Fed. R. App. P. 22(b). While a petitioner need not demonstrate that he would ultimately prevail on the merits, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

7

8

Petitioner fails to meet this standard. Thus, for the reasons set forth in this decision, the Court certifies there is no basis on which to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   March 31, 2026                              *David A. Ruiz*
                                                    David A. Ruiz
                                                    United States District Judge

8